# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RACHEL VARRECCHIO                                CIVIL ACTION

VERSUS                                           NO. 17-670-BAJ-EWD

MICHELLE A. MOBERLY, ET AL.

## ORDER

On September 22, 2017, State Farm Mutual Automobile Insurance Company ("State Farm") filed a Notice of Removal.[1] Therein, State Farm asserts that it was erroneously named "State Farm Mutual Automobile Insurance Companies" in the Petition for Damages filed by plaintiff, Rachel Varrecchio, in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.[2] State Farm further asserts that, "In addition to recovery against Michelle A. Moberly and her insurer, Allstate Insurance Company, Plaintiff also seeks to recover against State Farm Mutual Automobile Insurance Company, in its alleged capacity as Plaintiff's uninsured/underinsured motorist carrier, under a policy of uninsured motorist coverage with limits of $100,000 per person and $300,000 per accident."[3] The Notice of Removal does not provide any additional information regarding the relationship between Plaintiff and State Farm. State Farm claims this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.

---

[1] R. Doc. 1.
[2] R. Doc. 1 at Introductory paragraph & ¶ 1.
[3] R. Doc. 1 at p. 3.

Despite State Farm's assertion that it was erroneously referred to as "State Farm Mutual Automobile Insurance Companies" in Plaintiff's original Petition, 28 U.S.C. § 1441(a) provides that, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In an unpublished opinion, the Fifth Circuit has stated that, "Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). The *De Jongh* court further explained that, "In *Salazar*, we held, under facts nearly identical to those here, that a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'" *De Jongh*, 555 F. App'x at 438 (citing *Salazar*, 455 F.3d at 573). However, other courts in this Circuit have distinguished situations in which a removing party is merely misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and the court "would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp.*, Civ. A. No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

Here, Plaintiff's Petition for Damages alleges the following:

I.
Petitioner RACHEL VARRECCHIO files this lawsuit in her home parish of domicile, Ascension Parish, availing herself of Louisiana Code of Civil Procedure Articles 73 and 76 which allow an action for personal injury damages against joint or solidary obligors, such as the defendant driver, the defendant's liability carrier and the plaintiff's uninsured/underinsured motorist insurance carrier, the

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANIES, to be brought in the parish where a plaintiff-insured is domiciled.

The following parties are hereby named as defendants in this cause of action and are alleged to have damaged your petitioner in the following particulars as alleged below:

. . . .

C. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANIES (hereinafter sometimes referred to as "STATE FARM"), the company that here provided automotive liability insurance as well as underinsured/uninsured as well as medical payments automobile insurance to your to your [sic] petitioner RACHEL VARRECCHIO as alleged herein. RACHEL VARRECCHIO is a State Farm insured driver, policy number # 528 5184-B13-18M. Petitioner sues her own insurer here because she in good faith believes that she will likely find it necessary to make claims against her underinsured/uninsured automotive insurance carrier to fully recover the full measure of her general, special and pecuniary damage losses here. Further, her own insurer STATE FARM is sued here for failure to promptly pay related medical billings for treatment for those injuries suffered in the MVA of August 22, 2016, despite repeatedly having been provided adequate and full Prof [sic] of Loss. Petitioner sues State Farm both in its capacity as her underinsured/uninsured automotive insurance carrier, as well as for breach of contract in refusing to pay those related medical billings repeatedly presented to the insurer for payment pursuant to the petitioner's medical payments policy, again, despite repeated requests for payment as well as their having received more than adequate Proof of Loss.[4]

Based on the allegations set forth in the Petition for Damages, it appears that Plaintiff intended to name her uninsured/underinsured motorist insurance carrier as a defendant. Plaintiff has not contested the assertion that State Farm was incorrectly named in the Petition.

With respect to subject matter jurisdiction, the Notice of Removal contains the following

---

[4] R. Doc. 1-4 at pp. 3-5.

allegations regarding the citizenship of the parties:

> 5.
> Complete diversity exists between the parties: Rachel Varrecchio is a citizen of and is domiciled in the Parish of Ascension, State of Louisiana; Michelle A. Moberly is a citizen of and is domiciled in the State of Ohio; Allstate Insurance Company is a foreign insurer with its principal place of business being in the State of Illinois; and State Farm Mutual Automobile Insurance Company is incorporated in and has its principal place of business in McLean County, Illinois and is therefore domiciled in the State of Illinois; Complete diversity exists among all parties.[5]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. Although citizenship has been adequately alleged with respect to Rachel Varrecchio, Michelle A. Moberly and State Farm,[6] citizenship has not been adequately alleged with respect to Allstate Insurance Company. If Allstate Insurance Company is a corporation, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)).

If Allstate Insurance Company is a limited liability company, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077,

---

[5] R. Doc. 1 at ¶ 5.
[6] With respect to Rachel Varrecchio and Michelle A. Moberly, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to State Farm, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)).

1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

In addition, the Notice of Removal contains no allegation of citizenship with respect to State Farm Mutual Automobile Insurance Companies. To the extent that State Farm Mutual Automobile Insurance Companies is also diverse from Plaintiff, the question of which party is the proper uninsured/underinsured motorist insurer defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (*i.e*., the *de facto* substitution of State Farm in the place of State Farm Mutual Automobile Insurance Companies – to the extent that such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).

Accordingly,

**IT IS HEREBY ORDERED** that State Farm Mutual Automobile Insurance Company ("State Farm") shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal that adequately alleges the citizenship of all parties, including State Farm Mutual Automobile Insurance Companies, to establish that the Court has diversity jurisdiction over the case.

**IT IS FURTHER ORDERED** that if plaintiff, Rachel Varrecchio, agrees with the allegations set forth in the Notice of Removal regarding State Farm's status (*i.e.*, that State Farm Mutual Automobile Insurance Company is Plaintiff's uninsured/underinsured motorist insurance carrier), Plaintiff shall file an Amended Complaint within fourteen (14) days of this Notice and Order. The Amended Complaint shall be comprehensive (*i.e.*, it may not refer back to or rely on any previous pleading) and must explicitly set forth the citizenship of each party).

Signed in Baton Rouge, Louisiana, on September 26, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**