UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RACHEL VARRECCHIO                                    CIVIL ACTION

VERSUS                                               NO. 17-670-SDD-EWD

MICHELLE A. MOBERLY, ET AL.

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the neck and back injuries allegedly sustained by plaintiff, Rachel Varrecchio, as a result of a car accident that occurred on or about August 22, 2016.[1] On or about August 11, 2017, Plaintiff filed a Petition for Damages against Michelle A. Moberly, Allstate Insurance Company and State Farm Mutual Automobile Insurance Companies in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana.[2] The matter was removed to this Court by State Farm Mutual Automobile Insurance Company ("State Farm"), on September 22, 2017, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3] The Notice of Removal alleges that it is "facially apparent" from the Petition for Damages that the amount in controversy is met in this case.[4] State Farm asserts that the Petition does not state that Plaintiff's cause of action does not exceed $75,000, nor does the Petition offer

---

[1] R. Doc. 1-2 at p. 1.
[2] R. Doc. 1-2.
[3] R. Doc. 1. Because State Farm was not named as a defendant in the Petition for Damages, the undersigned issued a Notice and Order *sua sponte* on September 26, 2017, requiring State Farm to file an amended Notice of Removal that adequately alleges the citizenship of all parties, including State Farm Mutual Automobile Insurance Companies, to establish that the Court has diversity jurisdiction over this case and that the *de facto* substitution of State Farm in the place of State Farm Mutual Automobile Insurance Companies–to the extent that such substitution would be proper—would not result in the manufacturing of diversity in contravention of *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014). R. Doc. 5.
[4] R. Doc. 1 at ¶ 6.

a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000. The Notice of Removal further alleges the following:

> In addition to recovery against Michelle A. Moberly and her insurer, Allstate Insurance Company, Plaintiff also seeks to recover against State Farm Mutual Automobile Insurance Company, in its alleged capacity as Plaintiff's uninsured/underinsured motorist carrier, under a policy of uninsured motorist coverage with limits of $100,000 per person and $300,000 per accident. In addition to the general and special damages sought by Plaintiff herein, Plaintiff also seeks penalties and attorney's fees from **both** Allstate and State Farm based on their alleged arbitrary and capricious adjustment and/or handling of Plaintiff's claims related to the aforementioned accident. *See* Exhibit "A", at ¶ I(C) and II.
>
> More specifically, in connection with the alleged accident, Plaintiff asserts that her injuries and damages are the result of the negligence and sole fault of Michelle A. Moberly, who was covered by a policy of automobile liability insurance issued by Allstate Insurance Company. *See* Exhibit "A", at ¶ I-III. Plaintiff further alleges that the applicable underlying insurance coverage is insufficient to adequately compensate her for the damages she has allegedly sustained as a result of said accident and that she "in good faith believes that she will likely find it necessary to make claims against her underinsured/uninsured automotive insurance carrier to fully recover the full measure of her general, special, and pecuniary damage losses. *See* Exhibit "A", at ¶ I. Plaintiff further seeks to recover extra-contractual/bad faith punitive damages against both Allstate and State Farm. She makes claims against Allstate Insurance Company for penalties and attorney's fees based on Allstate's alleged bad faith denial of liability for petitioner's claims and alleged refusal to adjust or evaluate her claims on "specious grounds." *See* Exhibit "A", at ¶ II. As to State Farm, Plaintiff alleges that that State Farm failed to promptly pay related medical expenses for treatment related to injuries Plaintiff allegedly suffered as a result of the subject accident, despite being provided with sufficient proof of loss. *See* Exhibit "A", at ¶ I.
>
> As indicated above, in addition to claims for a host of alleged non-economic damages including, but not limited to, physical and mental pain and suffering, and loss of enjoyment of life, Plaintiff seeks unspecified damages for medical expenses, loss of use, travel expenses, lost wages, loss of opportunity, and loss of earning capacity, related to the accident made subject of her suit. She seeks recovery of compensatory damages, as well as statutory penalties

and attorneys' fees from both Allstate and State Farm for alleged "arbitrary and capricious" handling of **each claim**. Although Plaintiff has not specified the amount of medical expenses, lost wages and/or other "economic" damages she claims herein, Plaintiff's assertion that her claims exceed the underlying liability limits, coupled with claims for statutory penalties and attorneys' fees against both Allstate and State Farm, it is facially apparent from the Petition that Plaintiff seeks a substantial award against each defendant herein. Further, as the uninsured motorist policy in dispute provides up to $100,000.00 in underinsured motorist coverage and Plaintiff also seeks penalties and attorneys' fees in connection with the handling of her claims, when Plaintiff's claims for the alleged amount due from defendant State Farm Mutual Automobile Insurance Company are considered, the amount in controversy clearly exceeds the jurisdictional amount of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.[5]

It is not apparent from the face of Plaintiff's Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000. In the Petition for Damages, Plaintiff alleges the following:

> IV.
> Petitioner RACHEL VARRECCHIO avers that as a direct and proximate cause of the aforementioned actions and acts, she was made to sustain damages in the following non-exclusive list particulars:
> A. Past, present, and future physical pain and suffering;
> B. Past, present, and future emotional and mental anguish;
> C. Past, present, and future medical expenses;
> D. Past, present, and future lost wages, business opportunity, and career opportunity, and loss of enjoyment of life;
> E. Compensation for lost activities and participation therein relative to the injuries suffered in this accident;
> F. Lost usage of her vehicle;
> G. Lost wages due to treatment and/or lost use of vehicle related solely to this accident;
> H. Lost participation in the competitive Walt Disney College Program after acceptance and moving to Orlando, FLA to begin same;
> I. All lost monies, payments, expenses and travel costs involved in petitioner's lost participation in the competitive

---

[5] R. Doc. 1 at pp. 3-5.

> Walt Disney College Program after acceptance and moving to Orlando, Fla to begin same;
> J. Any vehicle damages or rental car payments yet unpaid by ALLSTATE for petitioner's property damages, rental car expenses, travel expenses, costs related to same, any negative effects upon petitioner's insurance coverage ratings or rates charged for insurance attributable to petitioner's claims against her own insurer to be made whole;
> K. All deductibles not paid by petitioner's own insurer for any claim related herein;
> L. STATE FARM being liable to your petitioner for breach of contract for failure to pay those related medical treatment billings despite repeated adequate Proof of Loss and demand for same;
> M. Payment for lost year of attendance at LSU due to injury and disrupted plans to participate in the Walt Disney College Program causing petitioner to forego college attendance in the 2016 Fall semester and the 2017 Spring and Summer semesters;
> N. Any other loss or damage which may be determined at any time prior to or at the trial of this matter.[6]

Although Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. State Farm asserts that because Plaintiff seeks proceeds under her uninsured/underinsured motorist ("UM") insurance policy, which has limits of $100,000 per person and $300,000 per accident, the amount in controversy exceeds $75,000. However, before Plaintiff can prove that she is entitled to any UM benefits, she must first prove that her damages exceed the limit of Moberly's insurance policy with Allstate Insurance Company. *See, Henderson v. Allstate Fire and Cas. Insur. Co.*, 154 F. Supp. 3d 428, 432 (E.D. La. 2015). State Farm has not provided any information regarding the policy limits of Moberly's insurance policy with Allstate Insurance Company.

---

[6] R. Doc. 1-2 at ¶ IV.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that State Farm Mutual Automobile Insurance Company ("State Farm"), shall file a memorandum and supporting evidence concerning subject matter jurisdiction within ten (10) days of the date of this Notice and Order, and that Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of State Farm's memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether there is diversity jurisdiction under 28 U.S.C. § 1332(a). Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on September 27, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**