UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RACHEL VARRECCHIO                                CIVIL ACTION

VERSUS                                           NO. 17-670-SDD-EWD

MICHELLE A. MOBERLY, ET AL.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RACHEL VARRECCHIO                               CIVIL ACTION

VERSUS                                          NO. 17-670-SDD-EWD

MICHELLE A. MOBERLY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by plaintiff Rachel Varrecchio.[1] The Motion is opposed.[2] For the following reasons, the undersigned recommends[3] that the Motion be **DENIED.** In the event this Report is adopted and Plaintiff's Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.

**I.   Background**

On or about August 11, 2017, Plaintiff filed a Petition for Damages in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, against Michelle A. Moberly, the Allstate Insurance Company ("Allstate") and State Farm Mutual Automobile Insurance Companies ("State Farm Companies") (collectively, "Defendants"), seeking damages for the injuries Plaintiff allegedly sustained as a result of a motor vehicle accident that occurred on or about August 22, 2016.[4] Plaintiff asserts that she was severely injured in the collision, which

---

[1] R. Doc. 23.
[2] R. Doc. 26.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.
[4] R. Doc. 1-2.

injuries include neck and back pain, and that she was forced to resign from the Walt Disney College Program due to her injuries.[5] Plaintiff further asserts that due to her planned participation in the Walt Disney College Program, she missed the enrollment deadline for the Fall 2016 semester at Louisiana State University ("LSU"). Plaintiff also alleges that she had to forego enrollment for the Spring 2016 semester at LSU due to her neck injury, which disrupted her sleep patterns and concentration.[6]

On September 22, 2017, State Farm Mutual Automobile Insurance Company ("State Farm Company") filed a Notice of Removal, asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and that it was "erroneously referred to as State Farm Insurance Companies" in Plaintiff's state court Petition.[7] On October 3, 2017, State Farm Company filed a Supplemental and Amending Notice of Removal (the "Amended Notice of Removal"), as ordered by the Court,[8] asserting that the parties are diverse because Plaintiff is a Louisiana citizen, Moberly is a citizen of Ohio, Allstate is incorporated in Delaware and has its principal place of business in Illinois and State Farm Company is incorporated in and has its principal place of business in Illinois.[9] State Farm Company further asserts that State Farm Companies "is not a viable entity and it did not and cannot receive service of Plaintiff's Petition."[10] State Farm Company further asserts that the amount in controversy exceeds $75,000 based upon the damages sought by Plaintiff in the Petition,

---

[5] R. Doc. 1-2 at p. 4.
[6] R. Doc. 1-2 at p. 4.
[7] R. Doc. 1 at Introductory Paragraph and ¶ 1.
[8] Because the original Notice of Removal was filed by State Farm Company, an entity that was not named as a defendant in the state court Petition, and because the Notice of Removal failed to adequately allege the citizenship of the parties named in the Petition, the undersigned issued an Order on September 26, 2017, requiring State Farm Company to file an amended comprehensive Notice of Removal properly alleging the citizenship of all parties, including State Farm Companies, to show that the *de facto* substitution of State Farm Company in the place of State Farm Companies, to the extent that such substitution would be proper, would not result in the manufacturing of diversity jurisdiction in contravention of *De Jongh v. State Farm Lloyds*, 555 F. Appx. 435, 437 (5th Cir. 2014). R. Doc. 5.
[9] R. Doc. 11 at ¶ 6.
[10] R. Doc. 11 at ¶ 1.

3

Plaintiff' failure to stipulate that her cause of action does not exceed $75,000, and the fact that Plaintiff asserts the underlying liability insurance policy issued by Allstate to Moberly, with policy limits of $500,000, is insufficient to adequately compensate her for the damages she allegedly sustained as a result of the accident.[11]

On December 4, 2017, Plaintiff filed a Motion for Leave to File Corrected First Supplemental and Amended Petition Pursuant to the Magistrate's Court Order of December 4, 2017 (Doc. 20), as ordered by the Court,[12] seeking to name State Farm Company as a defendant in this matter in place of State Farm Companies.[13] The undersigned granted the Motion for Leave on December 5, 2017.[14]

Also on December 4, 2017, Plaintiff filed the instant Motion to Remand, asserting that while the amount in controversy exceeds $75,000, the Court lacks subject matter jurisdiction because the parties are not completely diverse.[15] Plaintiff claims that under 28 U.S.C. § 1332(c)(1), State Farm Company, in its capacity as Plaintiff's uninsured/underinsured ("UM") motorist carrier, takes on the citizenship of its insured and therefore, both Plaintiff and State Farm Company are citizens of Louisiana.[16] Because diversity is lacking, Plaintiff argues the case must be remanded to state court.

In response, State Farm Company asserts that § 1332(c)(1) applies only to a direct action brought against a liability insurer and that neither requirement is met in this case.[17] State Farm Company first points out that it is named as a defendant in its capacity as Plaintiff's UM motorist

---

[11] R. Doc. 11 at p. 4. On October 3, 2017, Plaintiff filed a Memorandum in Support of Original and Supplemental and Amending Notice of Removal on October 3, 2017, as ordered by the Court (R. Doc. 7), asserting the same arguments made in the Amended Notice of Removal regarding the amount in controversy in this case. *See*, R. Doc. 11.
[12] R. Doc. 16.
[13] R. Doc. 22.
[14] R. Doc. 24.
[15] R. Doc. 23.
[16] R. Doc. 23-1 at p. 2.
[17] R. Doc. 26 at p. 2.

4

carrier and not in its capacity as a liability insurer. State Farm further asserts that a direct action against an insurer under § 1332(c)(1) is one in which a plaintiff sues another person's liability insurer without joining the insured and without having first obtained a judgment against the insured.[18] State Farm Company cites several cases from this Court in support of its argument.[19]

## II. Law and Analysis

Diversity of citizenship is governed by 28 U.S.C. § 1332. Where a "direct action" has been brought against an insurer, § 1332(c)(1) provides, in pertinent part:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of – (A) every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1)(A). Here, the parties dispute whether the instant action is a direct action under § 1332(c)(1)(A). If this case is a direct action pursuant to § 1332(c)(1)(A), State Farm Company is deemed to be a citizen of Louisiana, the state where its insured is a citizen. However, if the action is not a direct action, State Farm Company is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). If that provision applies, State Farm Company would be deemed a citizen of Illinois, its state of incorporation and location of its principal place of business, and there would be complete diversity between the parties.[20]

The question currently before the Court, whether complete diversity is destroyed when a plaintiff names her personal UM motorist carrier as a defendant, was squarely before this Court in *Studley v. Head*, Civ. A. No. 16-380-JJB-RLB, 2016 WL 6304508 (M.D. La. Oct. 3, 2016), *report*

---

[18] R. Doc. 26 at p. 2 (citations omitted).
[19] R. Doc. 26 at pp. 2-3 (citing *Studley v. Head*, Civ. A. No. 16-380, JJB-RLB, 2016 WL 6304508, at *2 (M.D. La. Oct. 3, 2016); *Hull v. Allstate Ins. Co.*, 682 F. Supp. 867, 868 (M.D. La. 1988)).
[20] *See,* R. Doc. 11 at ¶ 5.

*and recommendation adopted*, 2016 WL 6272377 (M.D. La. Oct. 25, 2016). In *Studley* we held that an action against one's own UM motorist carrier does not qualify as a direct action under 28 U.S.C. § 1332(c)(1)(A). 2016 WL 6304508, at *3. In reaching that conclusion, the Court set forth the following analysis regarding whether an action against one's own insurance company constitutes a direct action under § 1332(c)(1)(A):

> For the purposes of § 1332(c)(1)(A), a direct action exists when "a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability [insurer] without joining the insured and without having first obtained a judgment against the insured." *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974) (quoting *Vines v. United States Fidelity & Guaranty Co.*, 267 F. Supp. 436, 437 (E.D. Tenn. 1967)); *see also Hull v. Allstate Ins. Co.*, 682 F. Supp. 867, 868 (M.D. La. 1988) ("Direct action statutes allow a plaintiff to directly sue a foreign insurance company for recovery of benefits under the policy without having first to secure a judgment against the insured.").
> 
> Such a direct action must be instituted against the "insurer of a policy or contract of liability insurance." § 1332(c)(1)(A). Liability insurance indemnifies the insured against "loss or liability on account of bodily injuries sustained by others." *Hernandez*, 489 F.2d at 722. "[A]n uninsured motorists [sic] policy is not a 'policy or contract of liability insurance.'" *Id.* at 725.
> 
> Plaintiff erroneously assumes that this matter is considered a direct action because he sued Liberty directly. "[T]he Fifth Circuit has observed that simply because an insurance company is a 'direct' party does not make the litigation a 'direct action.'" *Gonzalez v. Gov't Employees Ins. Group*, Civ. A. No. 99-3707, 2000 WL 235236, at *4 (E.D. La. Feb. 28, 2000) (citing *Evanston Ins. Co. v. JIMCO, Inc.*, 844 F.2d 1185 (5th Cir. 1988)).
> 
> "Because a suit on an uninsured motorist policy does not seek to impose liability on the uninsured motorist carrier for the negligence of its insured, it is not a 'direct action' under § 1332(c)." *Gonzalez*, 2000 WL 235236, at *4. "Courts in this circuit have repeatedly recognized that a first-party UM policy is not considered *liability* insurance for purposes of § 1332(c)(1), and that an insured's suit against his own UM carrier is likewise not a direct action under the statute." *Earl v. Myers*, Civ. A. No. 10-1885, 2010 WL 4875656, at *1 (E.D. La. Nov. 23, 2010) (citing cases). Similar results can be

> found in this district. "The Louisiana Direct Action statute 'does not apply to actions such as this where an insured seeks recovery under its own . . . insurance policy.'" *Barrett v. Comeaux*, Civ. A. No. 13-186-BAJ-RLB, 2014 WL 68730, at *4 (M.D. La. Jan. 8, 2014)) (citing *Hull v. Allstate Ins. Co., Inc.*, 682 F. Supp. 867, 868 (M.D. La. 1988)).

*Studley*, 2016 WL 6304508, at *2-3.

Adopting our analysis in *Studley* and applying it to the facts of this case, the Court finds that Plaintiff's action against State Farm Company is not a direct action under 28 U.S.C. § 1332(c)(1)(A). As we explained in *Studley,* it is well-settled in this Circuit that "a first-party UM policy is not considered *liability* insurance for purposes of § 1332(c)(1), and that an insured's suit against his own UM carrier is likewise not a direct action under the statute." 2016 WL 6304508, at *3 (quoting *Earl*, 2010 WL 4875656, at *1) (emphasis in original); *See*, *Thomas v. Pace*, Civ. A. No. 08-1574, 2008 WL 4091674 (E.D. La. Aug. 27, 2008); *Gonzalez*, 2000 WL 235236; *See also, Evanston Ins. Co. v. JIMCO, Inc.*, 844 F.2d 1185, 1188-89 (5th Cir. 1988). Because this is not a direct action under 28 U.S.C. § 1332(c)(1)(A), State Farm Company does not assume Plaintiff's citizenship. Instead, State Farm Company is a citizen of the state in which it was incorporated and has its principal place of business, which is Illinois. 28 U.S.C. § 1332(c)(1). Since Plaintiff is a citizen of Louisiana and State Farm Company is a citizen of Illinois, complete diversity exists between the parties. Thus, State Farm Company has met its burden of proving that the Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a).

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the Motion to Remand[21] be **DENIED**.

---

[21] R. Doc. 23.

In the event this Report is adopted and Plaintiff's Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**