**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

RACHEL VARRECCHIO                                   CIVIL ACTION

VERSUS                                              17-670-SDD-EWD

MICHELLE MOBERLY, ALLSTATE
INSURANCE COMPANY, and STATE
FARM MUTUAL AUTOMOBILE
INSURNACE COMPANY

## RULING

This matter is before the Court on the *Motion to Set For Trial, Motion for Status Conference, and Motion for Expedited Consideration of Plaintiff's Rule 59 Motion for New Trial of Defendant Michelle Moberly's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction*[1] by Plaintiff, Rachel Varrecchio. Plaintiff filed this lawsuit in state court on August 11, 2017. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), removed this matter to federal court on September 22, 2017.[2]

On October 23, 2017, Plaintiff was ordered to show cause[3] for her failure to comply with the Court's September 27, 2017 *Order*[4] to brief the issue of subject matter jurisdiction. Counsel for Plaintiff submitted a letter to the Magistrate Judge explaining his failure to monitor the docket in this case,[5] which the Magistrate Judge accepted and then canceled the Show Cause Hearing.[6] On December 4, 2017, Plaintiff again failed to comply with the Court's *Order* to file a comprehensive amended complaint.[7]

---

[1] Rec. Doc. 56.
[2] Rec. Doc. 1.
[3] Rec. Doc. 13.
[4] Rec. Doc. 7.
[5] Rec. Doc. 14 (SEALED).
[6] Rec. Doc. 15.
[7] Rec. Docs. 5 and 20.

53354

Subsequently, Plaintiff moved to continue the scheduling conference set for May 31, 2018,[8] but Magistrate Judge Wilder-Doomes denied this motion as moot because yet another *Show Cause Order* was issued to Plaintiff.[9] Plaintiff submitted a *Response*[10] to this *Order*, and the Court canceled the Show Cause Hearing in light of the representations made.[11]

On June 12, 2018, Plaintiff was once again ordered to show cause why Defendant Moberly had not been served or appeared in this matter.[12] Plaintiff submitted a *Response*,[13] which was deemed unacceptable by the Court, and another Show Cause Hearing was set on this issue.[14] This Show Cause hearing was only canceled after Defendant Moberly filed a *Rule 12(b)(2) Motion to Dismiss*.[15] Plaintiff opposed this motion,[16] but the Court ultimately granted Moberly's motion on February 21, 2019.[17] On March 21, 2019, Plaintiff filed a *Rule 59 MOTION for New Trial of Defendant Michelle Moberly's Rule 12(B)(2) Motion to Dismiss for Lack of Personal Jurisdiction*,[18] which remains currently pending before the Court.

Apparently dissatisfied with the Court's speed on her most recent motion, Plaintiff filed a *Motion to Set For Trial, Motion for Status Conference, and Motion for Expedited Consideration of Plaintiff's Rule 59 Motion for New Trial of Defendant Michelle Moberly's*

---

[8] Rec. Doc. 31.
[9] Rec. Doc. 32.
[10] Rec. Doc. 35.
[11] Rec. Doc. 41.
[12] Rec. Doc. 44.
[13] Rec. Doc. 45.
[14] Rec. Doc. 46.
[15] Rec. Doc. 47, 48.
[16] Rec. Doc. 49.
[17] Rec. Doc. 50.
[18] Rec. Doc. 51.

*Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction,*[19] stating: "This matter has lay fallow for some time and Plaintiff desires to move forward to Trial[.]"[20]

The Court is aware that Plaintiff would like this case to move more quickly, as would nearly every plaintiff.[21] While the Federal Rules are designed to ensure that every plaintiff in every suit receives "just, speedy, and inexpensive determination" of their action, as this Court recently noted, "[t]he Middle District enjoys a high case load and a heavily congested docket. In fact, earlier this year, it was named the fourth busiest district in the United States based on 'weighted filings.' At the end of 2018, the Middle District had a total of 2,096 pending civil cases for a Court of three District Judges."[22]

As it does for all parties, this Court has attempted to move this case to resolution as quickly as possible with the judicial resources available. However, Plaintiff's pending *Motion for New Trial* is not an emergency motion, and the Court sees no reason to upset the prioritization of its current 700 plus caseload. The record demonstrates that Plaintiff has been accommodated by the Court on various occasions, and counsel for Plaintiff delayed initial administration of this case as demonstrated by several Show Cause orders and requests for continuances. The Plaintiff's *Motion for New Trial* has been prioritized according to the Court's caseload and other civil and criminal deadlines that are pressing; therefore, the Court will resolve this motion in due course.

---

[19] Rec. Doc. 56.
[20] *Id.*
[21] *See Berenson v. Administrators of the Tulane University Educational Fund, Civil Action No. 17-329,* 2017 WL 3480794 at *2 (E.D. La. Aug. 14, 2017)(The Eastern District of Louisiana rejected a plaintiff's request to expedite trial setting: "Many litigants have compelling reasons to desire a speedy remedy, however, and the Court's schedule does not permit expedited consideration of all these cases."
[22] *Lotief v. Board of Supervisors for University of Louisiana System*, Civil Action No. 18-991, 2019 WL 3453918, at * 6 (M.D. La. July 31, 2019).

Accordingly, Plaintiff's *Motion to Set For Trial, Motion for Status Conference, and Motion for Expedited Consideration of Plaintiff's Rule 59 Motion for New Trial of Defendant Michelle Moberly's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction*[23] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 3, 2019.

                                                    **CHIEF JUDGE SHELLY D. DICK**
                                                    **UNITED STATES DISTRICT COURT**
                                                    **MIDDLE DISTRICT OF LOUISIANA**

---

[23] Rec. Doc. 56.

53354