# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RACHEL VARRECCHIO                         CIVIL ACTION

VERSUS                                   17-670-SDD-EWD

MICHELLE MOBERLY, ET AL

## RULING

This matter is before the Court on the *Motion for New Trial*[1] by Plaintiff Rachel Varrecchio ("Varrecchio"). Defendant Michelle Moberly ("Moberly") has filed a *Memorandum in Opposition*[2] to this motion. For the following reasons, Varrecchio's motion is DENIED.

## I. FACTS AND PROCEDURAL HISTORY[3]

On August 22, 2016, Varrecchio was involved in a motor vehicle accident with Defendant Moberly in Orlando, FL.[4] Varrecchio contends that she is a resident of Louisiana and that Moberly is a resident of Ohio.[5] Varrecchio filed suit originally in the 23rd Judicial District Court, naming as defendants Moberly, Allstate Insurance Company, and State Farm Mutual Automobile Insurance Company.[6] State Farm removed the matter on September 22, 2017.[7]

---

[1] Rec. Doc. 51.
[2] Rec. Doc. 53.
[3] Rec. Doc. 42; *Fifth Supplemental and Amending Complaint.*
[4] Rec. Doc. 25 p. 5.
[5] Rec. Doc. 25 p. 2-3; Rec. Doc. 51-1 p. 16-17.
[6] Rec. Doc. 1.
[7] *Id.*
57922

On June 14, 2018, Moberly filed a Rule 12(B)(2) *Motion to Dismiss for Lack of Personal Jurisdiction*.[8] On July 2, 2018, Varrecchio filed a *Memorandum in Opposition* to that motion.[9] On February 21, 2019, this Court granted Moberly's *Motion to Dismiss*, finding that Moberly lacked sufficient contacts with Louisiana so as to provide the Court with personal jurisdiction over her.[10]

Varrecchio now moves for a new trial under Rule 59, or in the alternative, to amend the judgment and permit the matter to continue against Moberly's insurers. As a final alternative, Moberly asks the Court to transfer the matter to a federal district court of proper venue and competent jurisdiction.

## II.   APPLICABLE LAW

"In a non-jury case, a district court may grant a new trial when the Court believes that it has committed a 'manifest error of law or fact.'"[11] Trial courts have the power to grant a new trial when the verdict is "against the weight of the evidence,"[12] or when the trial was unfair.[13] Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests with the party seeking new trial.[14]

---

[8] Rec. Doc. 47.
[9] Rec. Doc. 49.
[10] Rec. Doc. 50.
[11] *Barthelemy v. Phillips Petroleum Company*, No. 96-2226, 1999 WL 169468 (E.D. La. Mar. 24, 1999) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)("Motions for a new trial ... must clearly establish either a manifest error of law or fact.")).
[12] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996).
[13] *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989).
[14] *National Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650 (S.D. Tex. 2010).
57922

In the alternative to granting a new trial—and for the first time—Varrecchio moves the Court to transfer the matter to a Court of competent jurisdiction and proper venue. Unlike the broad discretion Congress has given to district courts when considering a motion for new trial, a motion to alter or amend serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment."[15] There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."[16]

## III.    ANALYSIS

The Court previously ruled that Moberly had "no contacts with Louisiana other than being involved in an accident with a Louisiana resident which occurred in Florida,"[17] and the Court found that Moberly had no business or property in Louisiana.[18] Therefore, the Court held that Moberly lacked sufficient contacts with Louisiana so as to provide the Court with general personal jurisdiction over her. Further, this Court also found that Moberly had not "purposefully availed herself of the laws and privileges of Louisiana," and "[n]one of the acts giving rise to the accident occurred in Louisiana."[19] It is axiomatic that "jurisdiction will not be exercised

---

[15] *Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx. 1, 8 (5th Cir. 2009).
[16] *Williamson Pounders Architects, PC*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008).
[17] Rec. Doc. 50 p. 8.
[18] *Id.*
[19] *Id.*
57922

because of the 'mere[ly] fortuit[ous]' fact that Plaintiff resides in the forum."[20] For those reasons, the Court held that it lacked specific personal jurisdiction as well.[21] Consequently, the Court granted Moberly's *Motion to Dismiss for Lack of Personal Jurisdiction.*[22]

The standard for granting a motion for new trial in a civil matter is a high bar, and Varrecchio fails to meet the burden of proof required by Rule 59. Varrecchio failed to demonstrate a new law or a change in existing law, and she likewise failed to present newly discovered evidence in the matter, leaving only the possibility of legal error or injustice. The Court finds no error of law or fact demonstrated by Varrecchio in her *Motion*. Rather, Plaintiff's argument that "jurisdiction over the person . . . is allowed wherever there exists the Proper Venue for the controversy to be litigated" conflates venue and personal jurisdiction, erroneously contending that the two are virtually the same.[23] The question of venue is separate from the question of personal jurisdiction. Venue does not provide a court with personal jurisdiction, and having personal jurisdiction over a defendant does not necessarily mean that venue is proper for the matter. Put simply, venue is not determinative of personal jurisdiction. The question before the Court in the Motion to Dismiss was not a question of venue but of personal jurisdiction, and it required analysis under Rule 12(b)(2), not Rule 12(b)(3).

---

[20] Rec. Doc. 50 p. 8 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).
[21] *Id.*
[22] *Id.*
[23] Rec. Doc. 51-1 p. 2.
57922

Alternatively, Varrecchio requests that the Court maintain this action against Moberly's insurers, namely, Allstate and State Farm.[24] Varrecchio argues that LA. REV. STAT. 22:1269 (incorrectly cited by the plaintiff as LA. REV. STAT. 22:655) permits pursuit of claims directly against insurers alone. Varrecchio is not wrong; that statute—referred to as the Louisiana Direct Action Statute—does indeed permit direct action against insurers alone, but only in a limited set of circumstances:

> B. (1) The injured person . . . shall have a right of direct action against the insurer . . . and, such action may be brought against the insurer alone . . however, such action may be brought against the insurer alone **only when at least one of the following applies**:
>> a. The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>> b. The insured is insolvent.
>> c. Service of citation or other process cannot be made on the insured.
>> d. When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>> e. When the insurer is an uninsured motorist carrier.
>> f. The insured is deceased.[25]

Varrecchio has offered no evidence that satisfies the statute. Accordingly, Varrecchio's alternative request to proceed against Moberly's insurers in this Court is DENIED.

---

[24] Rec. Doc. 51 p. 2.
[25] LA. REV. STAT. 22:1269(B)(1).
57922

Finally, Varrecchio moves to transfer this matter to a court of competent jurisdiction and proper venue.[26] This relief was not requested previously.[27] A Rule 59 motion is improper if it advances a position that a party failed to advance prior to the judgment that the party now seeks to amend.[28] Moreover, Varrecchio fails to show sufficient grounds for the requested relief. Amendment of a judgment is an extraordinary remedy that should be used sparingly, such as when a court fundamentally misunderstood the facts or the controlling law.[29] There is no manifest injustice suffered here as a result of this Court's granting of Moberly's *Motion to Dismiss*; Moberly even concedes that a new lawsuit may be filed in Florida where the accident occurred.[30] The Court therefore finds that there are not sufficient grounds for amendment of its prior judgment, and this alternative request for relief is DENIED.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for New Trial*[31] and all alternative requests made therein are **DENIED**.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana on this 21st day of November, 2019.

_Shelly D. Dick_

**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. 51 p. 2.
[27] *See* Rec. Doc. 49.
[28] *See Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 28 (1st Cir. 2014).
[29] *See In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Sentry Select Ins. Co. v. Home State County Mut. Ins. Co.*, 582 Fed. Appx. 282 (5th Cir. 2014); *Williams v. Thaler*, 602 F.3d 291, 303-304 (5th Cir. 2010).
[30] Rec. Doc. 51-1 p. 17.
[31] Rec. Doc. 51.
57922